United States District Court
District of Massachusetts

|  |  |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| v.  ) | Criminal Action No. |
| ) | 10-10365-NMG |
| **JEFFREY EUGENE,** ) | |
| ) | |
| Defendant.  ) | |
| ) | |

### MEMORANDUM & ORDER

**GORTON, J.**

This case arises from a motion to vacate filed pursuant to 28 U.S.C. § 2255. Jeffrey Eugene ("Eugene" or "petitioner") claims that he was improperly sentenced as a career offender because one of the predicate convictions used to enhance his sentence as a career offender was vacated by the Commonwealth of Massachusetts.

In November, 2010, Eugene was indicted on six counts of conspiracy to distribute and distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Petitioner entered a binding plea agreement in October, 2011, and in January, 2012, the Court sentenced him to 188 months in prison to be followed by 60 months of supervised release pursuant to that plea agreement. The government contends that, in consideration of the plea agreement, it agreed to withdraw an additional Information filed pursuant to 21 U.S.C. § 851 which would have

- 1 -

doubled petitioner's mandatory minimum sentence from 10 to 20 years and that petitioner agreed not to challenge his conviction or sentence collaterally pursuant to 28 U.S.C. §§ 2255 and 2241. The government also reserved the right to press any and all charges which otherwise could have been brought against petitioner in the event that he violated the terms of the plea agreement.  Petitioner maintains, however, that he was sentenced as a career offender pursuant to U.S.S.G. § 4A1.1.[1]

In June, 2017, Eugene received a letter from the Massachusetts Supreme Judicial Court notifying him that four drug convictions against him had been dismissed.  The basis of those dismissals was misconduct engaged in by chemist Annie Dookhan ("Dookhan") at the state drug lab.  As a result of that misconduct, the District Attorney assigned to his case dismissed those drug convictions with prejudice.  Based on the dismissal of those drug convictions, petitioner filed the present motion to vacate pursuant to § 2255 challenging his sentence because it was based on his prior status as a career offender which is no

---

[1] Eugene cites statements from the pre-sentence report, his plea colloquy with the Court and a letter from Assistant Federal Defender Timothy G. Watkins to support that proposition.  For example, the addendum to the pre-sentence report includes statements that petitioner "is a Career Offender" and "but for the career offender enhancement, the [petitioner's] guideline imprisonment range would be 135 to 168 months", and the Court stated in the plea colloquy that "the career offender provisions do apply in this case". Attorney Watkins informed petitioner in a letter dated August, 2015, that petitioner was ineligible for a sentence reduction pursuant to Amendment 782 because he was "deemed and sentenced as a career offender pursuant to U.S.S.G. § 4B1.1 rather than § 2D1.1" and that Amendment only applied to the latter section of the Sentencing Guidelines.

longer applicable. Petitioner asserts that he should be resentenced based on a total offense level of 29 and a criminal history category of III yielding a new Sentencing Guideline range of 108-135 months.[2] He concedes that he is subject to a 120-month mandatory minimum pursuant to 21 U.S.C. § 841(b)(1)(A)(iii).

The government responds that petitioner explicitly waived his right to appeal in entering the plea agreement and that his waiver was knowing and voluntary. It contends that he is, therefore, barred from now challenging his sentence.

In Cuevas v. United States, 778 F.3d 267 (1st Cir. 2015), the First Circuit Court of Appeals held that vacatur of a defendant's prior state drug convictions was sufficiently exceptional for his claim for resentencing on his federal charge to be cognizable under § 2255. Id. at 271-72. That case involved the same misconduct by Ms. Dookhan which led to the vacatur of the petitioner's state drug convictions. Id. at 269.

Unlike the defendant in Cuevas, however, petitioner entered a plea agreement in which he waived his right to appeal his sentence pursuant to a § 2255 motion to vacate. Generally, a waiver of appellate rights entered into knowingly and voluntarily is valid and thus prohibits a subsequent appeal

---

[2] At the time of sentencing, the parties had agreed that the applicable sentencing guideline range would have been 262-327 months based on a total offense level of 34 and a criminal history category of VI.

encompassed by the waiver. See United States v. Gil-Quezada, 445 F.3d 33, 36-37 (1st Cir. 2006). A court will not enforce a waiver, however, "if doing so would work a miscarriage of justice". Id. at 36 (citing United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001)). That exception applies only to "egregious cases". United States v. Morillo, 910 F.3d 1, 4 (1st Cir. 2018) (noting that the exception does not apply to "garden-variety" claims).

The government does not contest that petitioner's claim falls within the rule of Cuevas and is thus cognizable. This Court agrees. The government, however, submits that petitioner has waived his right of appeal and as to that contention, the Court disagrees. That is because, although the plea agreement was truly knowing and voluntary, the Court finds that enforcement of the waiver in this case would constitute a miscarriage of justice.[3]

Petitioner entered into a binding plea agreement calling for 188 months imprisonment based on the assumption that he faced a Sentencing Guideline range of 262-327 months as a career offender. The agreed-upon sentence was clearly advantageous based on that guideline range. Eventually, it was discovered

---

[3] Petitioner disputes the voluntariness of his plea agreement on the basis that his trial attorney rendered ineffective assistance of counsel. Because the Court finds the waiver in the plea agreement unenforceable, it declines to decide whether there was any such ineffective assistance in violation of the Sixth Amendment to the United States Constitution.

that, because of serious misconduct of a government official, petitioner no longer qualifies as a career offender because of the vacatur of one of his predicate offenses.  In light of his changed status, it is clear that petitioner would never have entered into the subject plea agreement because the agreed-upon sentence of 188 months is more than 50 months higher than the high end of the applicable guideline range without the career offender enhancement.  It is misleading for the government to argue that there can be no miscarriage of justice because petitioner received a multi-year reduction based on the then-applicable Sentencing Guideline range.  That range was informed by the fact that petitioner was then a career offender but he no longer is and therefore it is irrelevant.  To forbid petitioner from challenging his sentence because of governmental misconduct unrelated to him would be a fundamental miscarriage of justice.

Indeed, the First Circuit discussed the exceptional nature of Dookhan's misconduct and how a petition pursuant to § 2255

> encompasses assignments of error that reveal fundamental defect[s] which, if uncorrected, will result[] in a complete miscarriage of justice . . . .

Cuevas, 778 F.3d at 272 (alterations in original) (internal quotation marks omitted) (quoting David v. United States, 134 F.3d 470, 474 (1st Cir. 1998)).  While the First Circuit discussed the concept of "miscarriage of justice" in the context of determining whether the defendant's claim was cognizable

under § 2255, there is no reason to believe that prohibiting petitioner from challenging his sentence here would be any less justified because there is an appeal waiver in his plea agreement.  In both situations, the criminal misconduct of Ms. Dookhan presents a sufficiently exceptional circumstance such that justice requires petitioner to be able to challenge his sentence.  This is not a "garden-variety" challenge to a federal sentence.

Accordingly, the Court finds that enforcement of petitioner's appeal waiver would be a miscarriage of justice and therefore will allow his motion to vacate under § 2255.

### ORDER

For the foregoing reasons, petitioner's motion to vacate (Docket No. 129) is **ALLOWED**.  He will be resentenced in accordance with the newly-applicable guideline range.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated August 16, 2019